UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LILLIAN M. WAGONER,          )      NO. EDCV 05-1083-CT
                             )
          Plaintiff,         )      OPINION AND ORDER
                             )
     v.                      )
                             )
JO ANNE B. BARNHART,         )
COMMISSIONER, SOCIAL SECURITY )
ADMINISTRATION,              )
                             )
          Defendant.         )
                             )
_____)

     For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. Section 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative action consistent with this opinion and order.

                    SUMMARY OF PROCEEDINGS

     On November 29, 2005, plaintiff, Lillian M. Wagoner ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act").  On December 16, 2005, the parties filed a consent to proceed before the magistrate judge.  On March 7, 2006, plaintiff filed a brief with point and authorities in support of remand or reversal.  On April 6, 2006, the

Commissioner filed a brief in opposition to the relief requested in the complaint.

SUMMARY OF ADMINISTRATIVE RECORD

1.   Proceedings

In 2002 and 2003, plaintiff filed applications for benefits, alleging disability since September 30, 2000 due to a back injury. She also sought child's benefits in the account of her deceased father, claiming to be disabled since 1989. (TR 53, 58, 241, 246).[1]   The applications were denied initially and upon reconsideration. (TR 40, 250).

On September 23, 2003, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 47). On April 28, 2005, plaintiff, in pro se, appeared and testified before an ALJ. (TR 254-72). The ALJ also considered vocational expert ("VE") testimony. On August 3, 2005, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act because she has the ability to perform a range of entry level sedentary work. Thus, the ALJ found that plaintiff was not eligible for benefits. (TR 15-27).

On September 21, 2005, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 8). On November 8, 2005, the request was denied. (TR 5-7). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

---

[1]   "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

1    2.   <u>Summary Of The Evidence</u>

2        The ALJ's decision is attached as an exhibit to this opinion and

3    order and materially summarizes the evidence in the case.

4                        <u>PLAINTIFF'S CONTENTIONS</u>

5        Plaintiff essentially contends as follows:

6    1.   The ALJ determined plaintiff could perform jobs for which the

7         residual functional capacity ("RFC") is greater than plaintiff's;

8    2.   Plaintiff was not advised about the right to counsel; and,

9    3.   The ALJ should have developed the record by obtaining plaintiff's

10        special education records from her high school.

11                        <u>STANDARD OF REVIEW</u>

12        Under 42 U.S.C. §405(g), this court reviews the Commissioner's

13   decision to determine if: (1) the Commissioner's findings are supported

14   by substantial evidence; and, (2) the Commissioner used proper legal

15   standards.   <u>Macri v. Chater</u>, 93 F.3d 540, 543 (9th Cir. 1996).

16   Substantial evidence means "more than a mere scintilla," <u>Richardson v.</u>

17   <u>Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance.

18   <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).

19        When the evidence can reasonably support either affirming or

20   reversing the Commissioner's conclusion, however, the Court may not

21   substitute its judgment for that of the Commissioner.   <u>Flaten v.</u>

22   <u>Secretary of Health and Human Services</u>, 44 F.3d 1453, 1457 (9th Cir.

23   1995).   The court has the authority to affirm, modify, or reverse the

24   Commissioner's decision "with or without remanding the cause for

25   rehearing." 42 U.S.C. §405(g).  Remand is appropriate where additional

26   proceedings would remedy defects in the Commissioner's decision.

27   <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989).

28

                                    3

DISCUSSION

1.   The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled.  First, it is determined whether the person is engaged in "substantial gainful activity."  If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments.  If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work.   If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work.   The person is entitled to benefits only if the

1  person is unable to perform other work.  20 C.F.R. §§404.1520, 416.920;

2  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).

3      2.   <u>Issues</u>

4          A.   <u>RFC</u>

5      Plaintiff contends that the ALJ concluded that plaintiff is

6  restricted to sedentary work and the jobs identified by the VE as

7  capable of being performed by plaintiff require a greater exertional

8  level.

9      In this case, the VE concluded that a hypothetical person with

10 plaintiff's limitations could perform the entry level repetitive jobs of

11 hand packager, wire worker and assembler of small products.  When the

12 ALJ inquired whether the jobs identified were consistent with the

13 descriptions in the Dictionary of Occupational Titles ("DOT"), the VE

14 responded "except for the sedentary."  (TR 17).

15     Plaintiff correctly asserts that the DOT assigns greater lifting

16 requirements to the jobs identified by the VE than contemplated by

17 sedentary work, as that term is defined by the applicable regulations.[2]

18 <u>See</u> 20 C.F.R. § 416.967.  While the best source for how a job is

19 generally performed is the DOT (<u>Pinto v. Massanari</u>, 249 F.3d 840, 845

20 (9th Cir. 2001), an ALJ may rely on expert testimony which contradicts

21 the DOT.  <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1435 (9th Cir. 1995).

22 However, to do so, the record must contain persuasive evidence to

23

24          [2]   The Commissioner argues that the VE did not identify
25 jobs by the DOT reference numbers cited by plaintiff and there
   are subcategories of jobs under the generic titles identified by
26 the VE which require only sedentary exertion.  However, it
   appears to the court, after reviewing the VE's testimony, that
27 the VE intended to identify jobs with a greater than sedentary
   strength requirement.

28

1   support the deviation.   Id.

2        Here, while the VE acknowledged the deviation from the DOT, the
3   record is devoid of any evidence supporting the deviation from the
4   greater functional demands described by the DOT.   Accordingly, remand is
5   warranted for further development of this issue.

6                B.   Advice of the Right to Representation

7        Plaintiff argues that the ALJ's statement, in his decision, that
8   plaintiff appeared and testified at the hearing after being advised of
9   the right to and the benefits of counsel, (TR 15), is unsupported by the
10  record.

11       Plaintiff is correct that the hearing transcript contains no such
12  advisement.   (TR 256-72).   However, the Notice of Hearing which was sent
13  to plaintiff and which caused her to appear at the hearing does contain
14  such advice.   (TR 30).   Because the notice sufficiently apprised her of
15  the hearing date and time, remand is not independently warranted on this
16  issue.   However, because plaintiff testified that she cannot read (TR
17  261) and the ALJ specifically found her to be functionally illiterate
18  (TR 25), on remand the Commissioner may wish to make sure that she is
19  orally advised of the right to representation.

20               C.   Development of the Record

21       Plaintiff contends that the ALJ should have developed the record by
22  obtaining plaintiff's school special education records.

23       While the court agrees that the ALJ has a duty to fully and fairly
24  develop the record ( Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.
25  1966)), in this instance, in the absence of this evidence, the ALJ
26  viewed the evidence in the light most favorable to plaintiff and
27  concluded that she had borderline intellectual functioning at all times

28

1  relevant to his decision.  Remand is not warranted on this issue.

2  **REMAND IS APPROPRIATE IN THIS CASE**

3      The decision whether to remand a case for additional evidence is

4  within the discretion of the court.  Sprague v. Bowen, 812 F.2d 1226,

5  1232 (9th Cir. 1987).  Remand is appropriate if the record is incomplete

6  and additional proceedings would remedy defects in the Commissioner's

7  decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

8      Having considered the record as a whole, it appears that the

9  present record is insufficiently developed.

10  **CONCLUSION**

11      Accordingly, it is ordered that the matter be **REMANDED** pursuant to

12  sentence four of 42 U.S.C. §405(g) to the Commissioner for further

13  administrative action consistent with this opinion.

14  DATED: April 7, 2006

15                                  _____/s/_____

16                                  CAROLYN TURCHIN
                                    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

7